## Jankowski v. Orloske

Before Hoban, P. J., Eagen and Robinson, JJ.

*John R. Lenahan*, for plaintiff.

*William Zacharellis*, for defendant.

ROBINSON, J., December 15, 1952.—Plaintiff landlord secured a judgment for the possession of premises at 727 Palm Street, Scranton, Pa., against defendant tenant. The judgment was rendered by the alderman of the ninth ward of the City of Scranton, who also awarded plaintiff damages. The proceedings were

brought under the provisions of the Landlord and Tenant Act of April 6, 1951, P. L. 69. Defendant sued out a writ of certiorari and filed seven exceptions to the justice's transcript of which on review we consider only those challenging the regularity of the proceedings.

The record discloses that defendant held the premises in question as a tenant from month to month by virtue of a parol lease at a rental of $20 per month.

On August 1, 1952, plaintiff sent defendant a letter by registered mail notifying defendant that her conduct as a tenant amounted to a nuisance, resulting in complaints from other tenants in the building and notified defendant as follows:

"In accordance with the housing rent regulations, as issued by the Office of Rent Stabilization, Washington, D. C., I hereby serve notice on you giving you ten (10) days in which to correct such ills and refrain from any conduct which tends to disturb the peace and dignity of the premises which you occupy and the community in which you live. Failure to do so will oblige me to take such further action as I find necessary and which is required by State and/or local statute, and request that you remove from the premises which you now occupy."

On September 3rd plaintiff notified defendant to quit and remove from the premises and deliver up possession of the same within three days. This notice was served personally upon the tenant. On September 9th plaintiff filed a complaint against defendant in the alderman's court and after hearing on September 17th the judgment was rendered which is here for review.

The record does not show a compliance with the provisions of the Landlord and Tenant Act and the judgment must be reversed.

Section 501, Recovery of Possession, 68 PS §250.501, of the statute provides that "a landlord desirous of

repossessing real property from a tenant may notify, in writing, the tenant to remove from the same at the expiration of the time specified in the notice under the following circumstances, namely, . . . upon forfeiture of the lease for breach of its conditions. . . . In case of the expiration of a term or of a forfeiture for breach of the conditions of the lease where the lease is for any term of less than one year . . . , the notice shall specify that the tenant shall remove within thirty days from the date of service thereof. . . ."

The notice provided for by section 501 "may be served personally . . . , or by leaving the same at the principal building upon the premises, or by posting the same conspicuously on the leased premises".

Section 502, 68 PS §250.502, then provides that: "If the tenant shall fail to remove from the real property in compliance with such notice, the landlord or his agent may complain in writing, under oath or affirmation, to any justice of the peace in the county in which the real property is situated."

It is clear under the provisions of the legislation that the notice required by section 501 is a prerequisite to proceedings by the landlord to recover possession by use of the remedy afforded by section 502 to 506, inclusive. The landlord may file his complaint only after the tenant fails to remove in compliance with the notice provided for in section 501.

The letter of August 1, 1952, cannot be construed as a notice provided for by section 501. It merely dealt with defendant's misconduct, notified defendant to refrain from the same in the future and that a failure to do so would oblige plaintiff to request defendant's removal. As such it did not clearly and unequivocally notify the tenant to remove from the premises and did not specify any time for the tenant to quit. Further, it was not served upon defendant as required by section 501. The notice to quit dated Sep-

tember 3, 1952, while it was served personally upon defendant did not comply with the statute by specifying a removal within 30 days as is required where the tenancy is "less than one year or for an indeterminate time".

Having availed himself of the remedy to repossess the premises afforded by the provisions for "Recovery of Possession" in article V of the Landlord and Tenant Act of April 6, 1951, P. L. 69, it was incumbent upon plaintiff to abide by its requirements, at least to the extent of establishing a substantial compliance with the statute. The failure to do so reveals an irregularity on the face of the proceeding which is fatal to the judgment.

Now, December 15, 1952, the judgment of the court below is reversed.